**In the Matter of Walter R. BRAUND, and Virginia M. Braund, Bankrupts.**

**Nos. 986, 987.**

United States District Court
C. D. California.

Aug. 29, 1968.

Stephen Chrystie, Buchalter, Nemer, Fields & Savitch, Robert W. Alberts, Sulmeyer & Kupetz, Los Angeles, Cal., for bankrupts.

William Matthew Byrne, Jr., U. S. Atty., by Richard L. Fishman, Asst. U. S. Atty., Los Angeles, Cal., for the Government.

## ORDER AFFIRMING REFEREE

IRVING HILL, District Judge.

The instant Petition for Review in Bankruptcy raises only a legal question, a question of construing the 1966 amendments to § 17, sub. a(1) of the Bankruptcy Act (11 U.S.C. § 35(a)). The precise question is whether a government tax lien, arising from taxes which became due more than three years prior to the date of bankruptcy, applies to property acquired by the bankrupt following his discharge in bankruptcy.

All facts were stipulated to. The essential facts are these:

The bankrupt[1] owed the government a substantial amount of unpaid income taxes arising from returns timely filed for the taxable years 1953 through 1960. The tax liability was composed of both deficiencies and negligence penalties. The liabilities were all assessed in 1964. In that year the Tax Court rendered a decision determining the liability for the years 1953–1957 and a settlement agreement was reached by the parties for the years 1958–1960. Also in 1964, the District Director filed notices of tax liens in various places, including Los Angeles County, with respect to the liabilities as-

sessed. The bankruptcy petition was filed October 4, 1966. A discharge was granted December 9, 1966. The government tax lien had admittedly attached to certain property which the bankrupt owned on the date of the filing in bankruptcy. That property will be sold and the proceeds will be applied to the tax lien. But the parties agree that the proceeds will not be sufficient to pay the tax obligation in full.

Following discharge, the bankrupt acquired other valuable property in the form of an increase in the cash loan values of certain life insurance policies. In May 1967 the IRS issued notices of levy against the life insurance companies demanding that the property acquired since the discharge, i. e., the increase in the loan values of the policies, be paid to the government on account of the said tax liabilities as property subject to the said liens. The bankrupt and the trustee in bankruptcy both invoked the jurisdiction of the Referee to forestall any payment pursuant to said demand. They filed with the Referee a document entitled "Objections To Claims Of The United States And Objections To Excessive Levies And Retention Of Liens After Levies". After a hearing, the Referee, on January 22, 1968, issued his order declaring that the tax liens of the United States did not extend or attach to any property of the bankrupt acquired or earned subsequent to the date of the commencement of the bankruptcy proceedings. The government then filed this petition for review.

In its petition for review the government alleges that the Referee had no jurisdiction to decide the matter. That contention is new. It was not advanced in any way until the Referee had already decided the matter. Assuming jurisdiction exists, the government argues that the Referee's decision is erroneous and constitutes a mistake of law.

[1]. There are actually two bankrupts and two cases. Walter and Virginia Braund are husband and wife who filed joint tax returns and who filed separate bankruptcy petitions on the same day. The term "bankrupt" hereinafter used refers to both Mr. and Mrs. Braund.

## I. *Jurisdiction.*

 The bankrupt argues that having willingly participated in the instant proceeding before the Referee without raising any jurisdictional question before or during the hearing, the government is now estopped to object to the Referee's jurisdiction. In the alternative, the bankrupt urges, the court should find jurisdiction by consent. These contentions may well be meritorious. But it is not necessary to decide the jurisdictional problem on the basis of them. Jurisdiction would appear to be clearly established by Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed.2d 1230 (1934). *Local Loan* enunciates the principle that the bankruptcy court retains jurisdiction to interpret and vindicate its order of discharge. Included within such jurisdiction is the right of the bankrupt to obtain a declaration that a pre-bankruptcy creditor is not entitled to pursue assets acquired by the bankrupt after discharge. As *Local Loan* points out, such jurisdiction is necessary to achieve the essential purpose of the Bankruptcy Act, permitting the discharged bankrupt to start over. See also: Kennedy, The Bankruptcy Amendments of 1966, 1 Ga.L.Rev. 149, 179 (1967).

## II. *Bankruptcy Act, § 17, subd. a(1) and the 1966 Amendments Thereto.*

Before the 1966 amendments to § 17, sub. a(1) of the Bankruptcy Act, the government would have prevailed on the present facts. United States tax claims were not dischargeable in bankruptcy and tax liens attached not only to property owned by the taxpayer at the time of the perfecting of such liens, but also to property acquired by him thereafter.

Glass City Bank v. United States, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56 (1945). A purported discharge in bankruptcy, since it did not wipe out the obligation to pay the tax and since the lien applied to all property whenever acquired, would not serve to protect property acquired after the discharge from the lien and from seizure by the government pursuant thereto. In re Bates Machine & Tractor Co., 8 F.2d 424 (N.D. Ill.1925).

The question is whether this rule of law was changed by the 1966 amendments to § 17, sub. a(1) of the Bankruptcy Act. Unfortunately the changes which were then made were accomplished by imprecise and unclear statutory language, some of which even seems contradictory at first reading. Excerpts may be extracted from the Legislative history which appear to support both sides in the present controversy. No reported case has been cited and none can be found which construes the 1966 amendments in the context of the present problem. So this appears to be a case of first impression.[2]

As amended in 1966, § 17, sub. a(1) (11 U.S.C. § 35(a)) of the Bankruptcy Act reads:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are taxes which became legally due and owing by the bankrupt to the United States * * * *within three years preceding bankruptcy*: Provided, however, that a discharge in bankruptcy shall not release a bankrupt from any taxes [five exceptions, none of which are material to the instant case] * * * And provided further, that a *discharge in bankruptcy shall not release*

---

**2.** I am informed that two other district courts have reached the same result as reached herein. One of these is United States v. Ulises A. Sanabria, #67–C–505, decided recently in the Northern District of Illinois, Eastern Division. The case is unreported and apparently is accompanied by no memorandum of opinion. The other

is a case pending in this District before my brother Hauk. It is In the Matter of Richard A. Carlson, Bankruptcy No. 22,-588–AAH. I am informed that an oral decision from the bench was made in that case within a few hours after my oral decision herein. No opinion has yet been written therein.

*or affect any tax lien * * *."* [Emphasis Added]

Both sides concede that the tax liabilities involved in this case are for taxes "which became legally due and owing" more than "three years preceding bankruptcy." Both sides apparently concede that if there had been no lien noticed for these taxes up to the time of bankruptcy, the liability would have been wiped out to the extent the taxes were unpaid at that time. But a lien had been noticed. The problem thus resolves itself to one essential question: Is the effect of the second proviso which states that a discharge in bankruptcy shall not "release or affect" any tax lien, such that the instant lien continued to be effective after the bankruptcy discharge with the ability to attach itself to after-acquired property?

It is crystal clear that one of the principal purposes of the 1966 amendment was to aid in the rehabilitation of bankrupts by relieving them of certain older tax liabilities. The House Judiciary Committee, in its favorable report on the House bill, H.R. 3438 (H.R.Rep. No. 687, 89th Cong., 1st Sess. 1965) which favorable report was also quoted by the Senate Judiciary Committee in its recommendation of the bill (S. Rep. No. 1158, 89th Cong., 2nd Sess. 1966; U.S. Code Cong. & Adm. News, p. 2468 (1966)), discuss the previous non-dischargeability of tax liability. It goes on to say:

"Frequently, this prevents an honest but financially unfortunate debtor from making a *fresh start unburdened by what may be an overwhelming liability for accumulated taxes* * * * Furthermore, the nondischargeability feature of the law operates in a manner which is unfairly discriminatory against the private individual or the unincorporated small businessman. Although a corporate bankrupt is theoretically not discharged, the corporation normally ceases to exist upon bankruptcy and unsatisfied tax claims, as well as all other unsatisfied claims, are without further recourse even though the enterprise may continue in a new corporate form." [Emphasis Added]

U.S. Code Cong. & Adm. News, p. 2469 (1966).

The government contends that the statute should be construed to limit its rehabilitative benefits to cases where the older tax liabilities have not been made the subject of a noticed lien. Once a lien has been noticed, the government reasons, the statute says that the lien is not "affected" by the discharge, which means that the lien must continue to have the power to pick up after-acquired property. Under this reasoning, the tax claim is not discharged in whole or in part. So, if the government's view is adopted, whether a bankrupt individual succeeds in getting out from under his "overwhelming liability for accumulated taxes" depends on the purely fortuitous circumstance of whether the taxing authority has as yet noticed a lien based upon that tax liability at the moment the bankruptcy is filed.

██ I do not read the language of the statute and particularly the second proviso, as compelling such a result. A close reading of the entire statute and of the legislative history convinces me that the second proviso has a clearly ascertainable purpose different from that advocated by the government, a purpose consistent with the rehabilitative purposes of the amendment. It seems clear to me that the second proviso was inserted so as to make clear that where a lien had attached to certain property at the time of the bankruptcy, the government could go ahead and realize on that lien and apply the proceeds of that property to the unpaid taxes despite the earlier language that a discharge in bankruptcy "shall release" the bankrupt from the tax liability in question. In other words, Congress was saying that to the extent the lien had, before the bankruptcy, attached to property, later discharge in bankruptcy did not affect the right of the government to proceed against that

property under the lien. To that extent, but to that extent only, the discharge would not "release or affect" the tax lien. But if the tax liability is not paid in full by the proceeds of such property, the remainder of the tax liability is "released" and no after-acquired property can be subjected to any lien because the lien died with the release of the underlying obligation.

Support for this construction is found in the same House Judiciary Committee report cited above:

> "While, under this bill, unsecured tax claims due and owing more than 3 years prior to bankruptcy would be dischargeable, there is no intention to place any time limit on otherwise valid tax liens. As with other secured claims like mortgages and conditional sales contracts, the purpose of the lien is to give the creditor a property interest which is *indefeasible in bankruptcy*. Thus, *to the extent that the tax authorities may satisfy their claims out of the security they hold* they will be unaffected by the discharge regardless of the fact that the underlying debt may include taxes for years prior to the 3-year period preceding bankruptcy. The second proviso to section 17a(1) proposed by section 2 of this bill emphasizes this legislative intent \* \* \*" [Emphasis Added] Id. at p. 2470.

Note the concern that the property interest of the government obtained pursuant to the lien up to the time of the filing of the bankruptcy should be "indefeasible" in the bankruptcy. Note also the assurance that the right of the tax authorities to realize on the "security they hold" as of the time of the bankruptcy should be "unaffected by the discharge".

I construe the section in question as above indicated. The same construction has been given to it by Professor Frank R. Kennedy, a member of the National Bankruptcy Conference. See Kennedy, op. cit., supra at 179.

For the reasons above stated, it is ordered that the Referee's Order of January 22, 1968, the subject of review herein, is hereby affirmed.

It is further ordered that the Clerk serve copies of this Order, by United States mail, this date on all parties to this action and on Referee Champlin.