**In the Matter of Jean Barclay DOLARD, Bankrupt.**

**William A. McGUGIN, Trustee, Petitioner-Appellant,**

v.

**DISTRICT DIRECTOR OF INTERNAL REVENUE et al., Respondents-Appellees.**

No. 73–1909.

United States Court of Appeals, Ninth Circuit.

June 6, 1975.

Myron W. Curzon (argued), Los Angeles, Cal., for petitioner-appellant.

Charles H. Magnuson, Asst. U. S. Atty. (argued), Tax Div., Los Angeles, Cal., for respondents-appellees.

## OPINION

Before CHAMBERS and DUNIWAY, Circuit Judges, and EAST,* Senior District Judge

EAST, Senior District Judge:

## THE APPEAL

The Referee in Bankruptcy (Referee) on June 22, 1972, pursuant to Section 2a(2A) of the Bankruptcy Act, as amended in 1966, 11 U.S.C. § 11(a)(2A) [hereinafter 11(a)(2A)], ordered, *inter alia*, "that . . . [W. A. McGugin, as trustee of the Bankrupt's estate, (Trus-

tee)] . . . is not personally liable for any taxes which hereafter may be assessed against this Estate." The District Court on review by order dated December 18, 1972, held that the Referee was without jurisdiction to grant declaratory relief and reversed the Referee's order on the authority of *In re Statmaster Corporation,* 465 F.2d 978 (5th Cir. 1972) [hereinafter *Statmaster*].[1] The Trustee appeals. We note this Court's jurisdiction under 28 U.S.C. § 1291 and 11 U.S.C. § 47, and reverse.

## ISSUE

We garner from the contentions of the parties a single issue on this appeal, namely: whether the Referee held jurisdiction to determine and adjudicate, upon the application and allegation of the Trustee and without prior claim, notice of deficiency or assessment by the IRS, that no amount of federal income tax had accrued against the Bankrupt's estate *after bankruptcy* and to order that the Trustee is not personally liable for any such federal income taxes which hereafter may be assessed against the Bankrupt's estate.

## PROCEEDINGS BEFORE THE REFEREE AND DISTRICT COURT

On April 20, 1972, the Trustee filed his "Second Petition for Order to Show Cause to Fix and Determine Amount of Tax, if any, Owed by Trustee and Bankruptcy Estate, and for Bar Order" against the District Director of Internal Revenue, Internal Revenue Service of the United States of America (IRS), and Franchise Tax Board of the State of California (Tax Board) alleging that:

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. *Statmaster* interpreted the legislative history behind the enactment of § 11(a)(2A) to be in conflict with "[a] broad reading of [§ 11(a)(2A) which] would appear to give the bankruptcy court jurisdiction where no claim has yet been filed by the Internal Revenue Service, *In re Curtis,* W.D.Mich.1969—1 U.S.T.C. ¶ 9433."

However, *Statmaster* found at 981 that it was not "necessary to resolve [that] issue in [its] disposition of the . . . case," or at 982 the "question of governmental immunity or the substantive question of a trustee's liability for tax on income arising during the period of liquidation of the bankrupt estate," and held that the relief sought by the Trustee was "a mere declaratory judgment as to the tax effects of a proposed [corporate reorganization]" for which the Referee lacked jurisdiction.

The sole asset of the Bankrupt was an interest in the income of a certain Smathers trust being administrated in the State of New York, from which the Bankrupt had assigned and set over unto the Trustee ten percent (10%) "of each income distribution as the same may be or become available to [Bankrupt] . . ..";

He had received total "income directly from the Smather's Trust, of $7,967.25" and had filed with IRS Form 1041 (federal) and with the Tax Board Form 541 (state) for 1967, 1968, 1969, 1970, and 1971 which disclosed the aforesaid receipts of income, but reported "No tax Due"; and

Further, that the Bankrupt's "estate is ready to be closed and it is necessary . . . that a final determination be made . . . of any and all taxes owed by said Trustee to [the United States or California]; . . . [Further] that there [was] no tax due, owing or unpaid to [IRS or the Tax Board] which accrued after . . . [bankruptcy] as a cost of administration, or otherwise . . .."

The Trustee prayed for an order fixing and determining the amount of tax and other liability of the Trustee accruing (after bankruptcy) to the IRS or the Tax Board to be the sum of "nothing."

The Tax Board appeared and reported that no income taxes were due. The IRS appeared and objected to the jurisdiction of the Referee, contending that since IRS had not filed with the Bankruptcy Court any claim for or asserted by notice of deficiency, assessment or otherwise an unpaid income tax against the Bankrupt's estate or the Trustee, there was no "actual controversy" before the court. Further, the Congress had not by any specific statute clearly waived the United States' sovereign immunity from suit; accordingly, the Referee was without jurisdiction to determine the amount or legality of any unpaid tax due to the United States or to release the Trustee from liability.

It appears from the record that the Trustee had requested IRS to audit the returns as filed, and IRS had throughout the period asserted it had no such duty and steadfastly declined to do so until it so elected.

▉ Following a hearing, the Referee entered his order above referred to wherein it was first recited that "the Trustee [had] put 'Off Calendar,' as to the United States of America, the Petition to Fix and Determine the amount of tax, if any, owed by Trustee and Bankruptcy Estate and for Bar Order . .." and then additionally ordered "that should it later be determined that any tax liability has been incurred by the Trustee herein in favor of the United States of America, upon notification thereof by either the Trustee or by the Taxing Agency the Credit Manager's Association of Southern California shall pay said claim out of the assets then in its hands, giving it such priority as it may be entitled to under Section 64 of the Bankruptcy Act [2] . . .."

### CONTENTION OF THE PARTIES

On appeal, IRS reiterates the identical contention urged before the Refereee

---

2. The Trustee, remaining creditors, and the Credit Manager's Association of Southern California (Credit Association) agreed with the approval of the Bankruptcy Court that the Trustee should assign and set over unto the Credit Association the balance of his total receipts after paying and distributing portions thereof as ordered by the Bankruptcy Court and his right, title, and interest in and to ten percent (10%) of the Bankrupt's interest in future payments from the Smathers trust for distribution to the creditors and beneficiaries pursuant to the Bankruptcy Court's order of distribution. In effect the Credit Association was substituted as trustee pursuant to agreement and the Bankrupt's estate and proceedings closed with a release of the Trustee. We do not deem this unilateral substitution of trustees and provision for substituted funds for the payment of any federal income taxes which may be later determined to have accrued against the Bankrupt's estate and moneys to be binding upon the IRS. See Liability of Fiduciaries, 31 U.S.C. § 192. In any event we believe the arrangement is immaterial and of no import to the issue on appeal.

and District Court on review as above outlined.

The Trustee contends:

First, that the Referee was vested with jurisdiction to entertain the petition and to hear and determine the amount or legality of any accrued and unpaid federal income tax under and pursuant to the provisions of § 11(a)(2A); and

Secondly, his prayer for an adjudication that the amount of taxes payable was "nothing" and protective relief were put "Off Calendar"; hence, the Referee did not hear and determine any question arising as to the amount or legality of any unpaid tax, but only exercised his jurisdiction to "determine actual and necessary costs and expenses" incurred in the administration of the estate, which necessarily included any taxes accruing after bankruptcy, Section 62a of the Bankruptcy Act, 11 U.S.C. § 102 [hereinafter § 102]; *McColgan v. Maier Brewing Co.,* 134 F.2d 385 (9th Cir. 1943) [hereinafter *McColgan,* and to windup and close the estate expeditiously, 11 U.S.C. § 75(a)(1). Accordingly, claims the Trustee, the District Court misconstrued the issues and erroneously considered the petition as a claim for declaratory relief which is barred by 28 U.S.C. § 2201, and the order reversing the Referee's order should be reversed.

## DISCUSSION

It is important to note at the outset the responsibility of the Trustee in bankruptcy with reference to accrued and unpaid federal income taxes. A trustee in bankruptcy is not personally liable for federal taxes accruing either before or after bankruptcy except as may be imposed by the provisions of 31 U.S.C. § 192 (liability of fiduciaries) and 26 U.S.C. § 6012(b) (trustees having possession of property of a corporation). However, the trustee for the estate of an individual bankrupt must file a tax return on behalf of the bankruptcy estate. *See* Rev. Rule 68–48, 1968–1 C.B. 301, 302. The estate of an individual in bankruptcy is not a taxable entity separate from the person for whom the fiduciary is acting, I.R.S.Reg. § 1.641(b)(2), and the bankrupt must file his own Form 1040 tax return.

Generally speaking, taxes accruing *after bankruptcy* are dealt with differently under the Bankruptcy Act than taxes accruing *prior to bankruptcy.* Taxes against a bankrupt's estate accruing after bankruptcy are taxable and payable as costs of administration under § 102, *McColgan,* and thus are placed in the first class of priority among bankruptcy claims, whereas taxes accruing prior to bankruptcy are provable debts of the bankrupt subject to the fourth class of priority among bankruptcy claims. Section 64 of the Bankruptcy Act, 11 U.S.C. § 104 [hereinafter § 104]. The courts have not always noted the distinction. See 3A Collier on Bankruptcy ¶ 64.106 at 2101 (14th ed. rev. 1972). Therefore, the Trustee's fiduciary consideration and the Bankruptcy Court's treatment of accrued and unpaid federal income taxes in relationship to the Bankrupt's estate must be framed and geared to the *prior* or *after* bankruptcy tax classification, respectively.

We agree with the Trustee that the Second Petition did not present a mere claim for declaratory judgment; however, we cannot accept the Bankrupt's overly simplified premise that the tax question was an item of a cost of administration. We are satisfied that implicitly within the Referee's order that "the Trustee . . . is not personally liable for any taxes which hereafter may be assessed against this Estate" is an exercise of judicial authority to hear and determine that no federal income tax had accrued during the period of time involved.

The issue on appeal is narrowed by IRS's briefing statement that it is undisputed that "the Bankruptcy Court has plenary power to hear and determine tax controversies (§§ 102 and 104, . . . § 11(a)(2A), and § 6871(b) of the Internal Revenue Code), but just as it was clear Congress intended bankruptcy courts to pass upon tax matters accruing prior to

bankruptcy only if an actual tax liability had been ascertained by the District Director and a proof of claim had been filed by the Commissioner, it is equally evident that Congress intended the same procedure with respect to tax matters accruing after bankruptcy."

■ This Court has today rejected that premise of an IRS self-imposed "proof of claim" restriction or prerequisite upon the Bankruptcy Court's jurisdiction under § 11(a)(2A) to hear and determine the amount and legality of unpaid income tax indebtedness accruing prior to bankruptcy, and the dischargeability thereof under Section 17 of the Bankruptcy Act, as amended in 1966 and 1970, 11 U.S.C. § 35(a) and (c), and held that such jurisdiction was vested by Congress in the Bankruptcy Court whether or not IRS had made prior claim, notice of deficiency or assessment for unpaid income tax. *In re Gwilliam*, 519 F.2d 407 (9th Cir. 1975) (No. 74–2350).

We discern no logical reason why the expressed language of § 11(a)(2A) should not be read and applied with equal force and effect to federal income taxes accru-

ing after bankruptcy, and we subscribe to Professor Collier's teaching that "the immaterial elements not affecting the [Bankruptcy Court's] jurisdiction include the following: . . . (3) whether the tax arose prior to or after bankruptcy." *Gwilliam, supra* at 409; 3A Collier on Bankruptcy ¶ 64.407 at 2234–35.

We here hold that the absence of a prior IRS claim, notice of deficiency or assessment does not impede or vitiate the jurisdiction of the Bankruptcy Court under § 11(a)(2A), separate and apart from its jurisdiction under § 102, to hear and determine the amount or legality of any unpaid federal income taxes accruing after bankruptcy, and to relieve the Trustee from liability therefor as an item of cost or expense of his administration upon appropriate order of closure of the bankruptcy proceedings and discharge of the Trustee.

Finally, we conclude that the order of the District Court dated December 18, 1972 was erroneous and is reversed, and the order of the Referee dated June 22, 1972 is reinstated and validated.

Reversed.