In the Matter of John West
Gwilliam, Bankrupt.

John West GWILLIAM,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 74–2350.

United States Court of Appeals,
Ninth Circuit.

June 6, 1975.

2. While we hold that the general waiver of governmental immunity in 33 V.I.C. § 3408 does not affect the special statutory provisions concerning the Water and Power Authority, we also observe that, even if the Tort Claims Act were applicable here, the plaintiff would be confronted with a statutory exclusion of default judgments from the benefits of the Tort Claims Act. 33 V.I.C. (1974 Supp.) § 3411. The time and method of asserting such a claim also are restrictively prescribed. 33 V.I.C. (1974 Supp.) § 3409.

Patricia B. Fry, Moneymaker & Wolfson, Inc., Los Angeles, Cal., for plaintiff-appellant.

Arthur M. Greenwald, Asst. U. S. Atty., Los Angeles, Cal., Scott P. Crampton, Asst. Atty. Gen., and Gilbert E. Andrews, Acting Chief, App. Section, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

## OPINION

Before CHAMBERS and WALLACE, Circuit Judges, and EAST,* Senior District Judge

EAST, Senior District Judge:

## THE APPEAL

The Bankruptcy Judge on January 25, 1974 ordered that certain federal taxes due and owing by the Bankrupt for more than three years were provable debts of the Bankrupt and discharged in bankruptcy. On review, the District Court reversed and remanded. The Bankrupt appeals; we note the jurisdiction of this court under 28 U.S.C. § 1291 and 11 U.S.C. § 47, and reverse.

## ISSUE

The sole issue on appeal is whether the Bankruptcy Court had jurisdiction to determine the amount or legality and dischargeability of the alleged due and unpaid federal taxes when the Internal Revenue Service (IRS) had not filed a proof of claim or otherwise participated in the bankruptcy proceedings, except to object to the Bankruptcy Court's jurisdiction.

## PROCEEDINGS IN THE BANKRUPTCY AND DISTRICT COURTS

The Bankrupt filed an Application to Determine Dischargeability of Debt, alleging that certain income taxes due and owing to the United States of America (Government) from the Bankrupt for more than three years prior to bankruptcy were income tax dischargeable debts under Section 17(a) and (c) of the Bankruptcy Act, as amended in 1966 and 1970, 11 U.S.C. § 35(a) and (c) [hereinafter § 35(a) and (c)]. The Government, through its Internal Revenue Service, appeared in response to an order to show cause and moved to dismiss the Bankrupt's application on the grounds that the Bankruptcy Court lacked jurisdiction to make such a determination in absence of an IRS filing of claim or other proof. The Bankruptcy Judge on January 25, 1974 overruled the motion and issued his order aforesaid.[1]

On review, the District Court held that the Bankruptcy Court lacked jurisdiction to determine the dischargeability of the unpaid taxes as the Government has not waived sovereign immunity by statute or otherwise expressly consented to the jurisdiction of the Bankruptcy Court. Specifically the District Court found "no expression of consent or waiver by the sovereign [§ 35]. Statutory consent or waiver may not be found by implication in statutory provisions that omit reference to the sovereign" and reversed.

## CONTENTIONS OF THE PARTIES

The Bankrupt rests his contention of the Bankruptcy Court's jurisdiction under the provisions of Section 2a(2A) of the Bankruptcy Act, as amended in 1966, 11 U.S.C. § 11(a)(2A) [hereinafter 11(a)(2A)], and § 35(a) and (c). The IRS steadfastly contends that notwithstanding the express language of § 11(a)(2A) and § 35(a) and (c), the clear intent of Congress as expressed in the pertinent legislative history was to the contrary; hence, the Government has neither expressly by a specific statute nor implied-

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. There are some variations between the amounts as set forth in the Bankruptcy Court's Findings of Fact and in the Bankrupt's application concerning his liability for unpaid taxes, interest, penalties and lien costs. There is also a difference in the date his return was filed for 1965. However, in the posture of this proceeding, which is limited solely to the issue of the Bankruptcy Court's jurisdiction, these differences are immaterial.

ly by action waived its sovereign immunity. Further, such jurisdiction is lacking because the IRS has not filed any proof of claim for taxes or otherwise appeared in the bankruptcy proceeding, so there was no "existing controversy."

## DISCUSSION

█ This appeal presents the recurring confrontation between the IRS and the bankruptcy trustees which results from the adamant refusal of the IRS to present claims for or otherwise prove unpaid tax items in bankruptcy proceedings and the Trustee's statutory duty to expediently wind up the Bankrupt's estate and be discharged under a timely appropriate order of closure. Such refusal and non-action by IRS is apparently an attempt to avoid the Bankruptcy Court's determination of the Bankrupt's federal tax liability and indebtedness and the ultimate discharge in bankruptcy of a bankrupt's eligible tax indebtedness, and we believe is directly opposed to the express language of § 35(a) and (c), and the policy flowing therefrom to allow a bankrupt to start over and to enhance the individual's chances of financially rehabilitating himself by eliminating his old tax debts. *In re Braund,* 289 F.Supp. 604 (C.D.Cal.1968), *aff'd sub nom. United States v. McGugin,* 423 F.2d 718 (9th Cir.), *cert. denied,* 400 U.S. 823, 91 S.Ct. 44, 27 L.Ed.2d 51 (1970), [hereinafter *Braund* ] and *In re Savage,* 329 F.Supp. 968, 969 (C.D.Cal.1971), [hereinafter *Savage* ].

During 1966, Congress in its intent and attempt to fortify the bankruptcy court with ample tools to deal with tax indebtedness adopted § 11(a)(2A) and § 35(a). Specifically, the new subsection (2A) extended the expressed "invested . . . jurisdiction at law and in equity" of the bankruptcy courts to:

"Hear and determine, or cause to be heard and determined, any question arising as to the amount or legality of any unpaid tax, whether or not previously assessed, which has not prior to bankruptcy been contested before and adjudicated by a judicial or adminis-

trative tribunal of competent jurisdiction . . .."

As is noted in 3A Collier on Bankruptcy ¶ 64.407[3] at 2234–35 (14th ed. rev. 1972):

"The jurisdictional grant under the first part of § 2a(2A) to hear and determine 'any question arising as to the amount or legality of any unpaid tax' is limited by two-factors only. First of all, the tax must not have been paid; the words used in this part are 'any unpaid tax.' Secondly, the disputed tax item must not have been contested and adjudicated prior to bankruptcy. Thus, the immaterial elements not affecting the court's jurisdiction include the following: (1) whether or not an assessment was made before bankruptcy; (2) whether the adjudication was by a judicial or administrative tribunal; (3) whether the tax arose prior to or after bankruptcy . . .; and, [4] *whether or not a proof of claim has been filed for the tax.*" (Emphasis supplied.)

*See In re Durensky,* 377 F.Supp. 798 (N.D.Tex.1974), [hereinafter *Durensky* ] for District Judge Mahon's able, exhaustive review and analysis of the legislative history of § 2a(2A) supporting the Collier view that whether or not a proof of claim has been filed is immaterial. We subscribe to the *Collier-Durensky* view, while not unmindful that two courts have interpreted the legislative history of § 11(a)(2A) differently from the position we take today. *In re Statmaster Corp.,* 465 F.2d 978 (5th Cir. 1972), [hereinafter *Statmaster* ] and *In re O'Ffill,* 368 F.Supp. 345, 351 (D.Kan. 1973), [hereinafter *O'Ffill* ]. These cases only consider, cite, and rely upon Report 999 of the Senate Judiciary Committee stating that the amendment:

"[M]akes no change in existing law under which a bankruptcy court cannot adjudicate the merits of any claim, including a federal tax claim, which has not been asserted in the bankruptcy proceeding by filing a proof of claim." Sen.Rept. 999, 89th Cong. (1966).

*Statmaster* noted the inconsistency between language of the report and the direct expressed language of § 11(a)(2A) to the contrary and ultimately found it unnecessary to decide the jurisdictional issue.

*O'Ffill* acknowledges that § 11(a)(2A) "grant[s] the bankruptcy court jurisdiction to hear and determine any question arising as to the amount and legality of any unpaid tax which had not been judicially or administratively determined by a tribunal of competent jurisdiction," but then performs judicial surgery by adding: "This statute, however, presupposes that the merits of the tax claim have been drawn into issue by the filing of a proof of claim by the government in the bankruptcy proceeding." We deem this jurisdictional prerequisite to be mere dicta and not necessary to the ultimate holding of the court since the court expressly declined to "consider the [jurisdictional issue] certified for review." *Durensky* at 800 through 802 reviews the entire legislative history of the House sponsored 1966 amendment to § 11(a) under discussion. Therefrom we are satisfied that Senate Report 999 does not speak the consensus of the Congress and we disregard it rather than to injudiciously batter the expressed language of § 11(a)(2A) to a nullity.

█ We hold that the Bankruptcy Court had jurisdiction under § 11(a)(2A) to determine the amount and legality of the federal taxes due and owing by the Bankrupt for the years as alleged and to determine the Bankrupt's liability and provable indebtedness therefor, under 11 U.S.C. §§ 103 and 104, notwithstanding the lack or absence of a prior claim therefor or other proof thereof by IRS. *Durensky; In re Simplex Sales Co.,* 336 F.Supp. 672 (S.D.Fla.1972). *Durensky,* at 800, cites, among others, *In re Murphy* ¶ 64,755 CCH Bankr.L.Rep. (Bankruptcy Ct.Ala.1972), (remanded for dismissal, 355 F.Supp. 1235 (N.D.Ala.1973) (appeal to Circuit Court dismissed by IRS motion); and *In the Matter of Century Vault Co.,* 416 F.2d 1035 (3rd Cir. 1969), where at 1041 the court says:

"[§ 11(a)(2A)] makes clear that the bankruptcy court has jurisdiction to hear and determine any question arising as to the amount of any unpaid tax if that question has not been contested prior to bankruptcy. The fact that a proof of claim has or has not been filed is immaterial. See 1 Collier on Bankruptcy § 2.-22A at 214–215 (14th ed. 1967)."

*See Murphy v. IRS,* 1 Bankr. Court Dec. 63 (N.D.Ala. March 8, 1974) (No. 14357–M).

Section 35(a), as amended in 1966, contains no explicit jurisdictional grant to the bankruptcy courts, but does provide for the discharge in bankruptcy as a provable debt of the bankrupt of federal taxes "due and owing by the bankrupt" for more than three years. Several district courts faced IRS objections to the bankruptcy court's jurisdiction to determine dischargeability of unpaid federal taxes wherein the IRS contended that without its filing of a claim for unpaid taxes, there was no existing controversy nor waiver of sovereign immunity; hence the Bankruptcy Court was without jurisdiction. Each time the contentions were denied as being without merit. The earliest of these cases was *Braund.* The bankrupt in that case sought to restrain IRS's enforcement of tax liens against property acquired after bankruptcy. On review, the District Court made the following comments respecting the contention of the United States that no jurisdiction existed:

"Jurisdiction would appear to be clearly established by *Local Loan Co. v. Hunt,* 292 U.S. 234 [54 S.Ct. 695, 78 L.Ed. 1230] . . . (1934). *Local Loan* enunciates the principle that the bankruptcy court retains jurisdiction to interpret and vindicate its order of discharge. Included within such jurisdiction is the right of the bankrupt to obtain a declaration that a pre-bankruptcy creditor is not entitled to pursue assets acquired by the bankrupt after discharge. As *Local Loan* points out, such jurisdiction is necessary to achieve the essential purpose of the

Bankruptcy Act, permitting the discharge bankrupt to start over. See also: Kennedy, The Bankruptcy Amendments of 1966, 1 Ga.L.Rev. 149, 179 (1967)." At page 606.

The decision of the Ninth Circuit Court of Appeals, at 423 F.2d 718, affirming *Braund,* is totally silent concerning the question of jurisdiction.

After the 1966 amendments, §§ 11(a)(2A) and 35(a), the abuses and evils dealt with in *Braund* continued as the bankrupt still had to seek enforcement of his tax debt discharge in subsequent direct proceedings in a state or federal court. During 1970, Congress further amended § 17 of the Bankruptcy Act, 11 U.S.C. § 35, by adding subsection (c) which provides:

"The bankrupt or any creditor may file an application with the court for the determination of the dischargeability of any debt," [2] and further "[a]fter hearing upon notice, the court shall determine the dischargeability of any debt for which an application for such determination has been filed . .."

The purpose of Congress in adopting the 1970 amendments has been the subject of extensive comment. *See* Countryman, The New Dischargeability Law, 45 Am.Bankr.L.J. 28, wherein he states at 32:

"But § 17c(3) [11 U.S.C. § 35(c)(3)] does, I believe, require the bankruptcy court to take a tax case from the Tax Court or a district court when judgment has not yet been rendered on an undischarged tax claim. There is no suggestion in the legislative history that multiple litigation over *tax claims* was any less to be avoided than multiple litigation over any other claims . . .." (Emphasis supplied.)

See also Professor Countryman's explanation of the legislative history of the 1970 amendments at pages 21 and 22 of the same article.

Subsequently, in *Savage,* an application by the bankrupt to determine dischargeability of tax indebtedness and to restrain collection, the Government raised an objection to jurisdiction. No proof of claim was filed by IRS. The court reiterated portions of *Braund,* and quoting from *In re Michaud,* 317 F.Supp. 1002, 1008–09 (W.D.Pa.1970), continued to say:

" 'The identical objection to jurisdiction was raised in *In re Braund* before the district court. The district court found jurisdiction under *Local Loan Co. v. Hunt,* . . . where it was held that the exercise of such jurisdiction is necessary to achieve the essential purpose of the Bankruptcy Act, a fresh start. . . .

" ' . . . it is plain that in amending Sec. 17 of the Bankruptcy Act the purpose of Congress was to enhance the individual's opportunity to financially rehabilitate himself in bankruptcy, by eliminating his old tax debts.' " 329 F.Supp. at 969.

*See also In re Standard Milling Co.,* 324 F.Supp. 386 (N.D.Tex.1970).

*O'Ffill,* at 351, follows the rationale of *Savage, Michaud,* and *Braund,* and succinctly holds that "the bankruptcy court had jurisdiction to determine the penalties assessed against the bankrupts were in fact taxes within the purview of § 17(a) [11 U.S.C. § 35(a)] [and the dischargeability thereof [3]]. . . . Jurisdiction of the bankruptcy court was in no way affected by the government's failure to file a proof of claim in the proceedings."

It is manifest to us that the purpose of Congress in enacting § 35(c) was to provide both the bankrupt and IRS

---

**2.** Unpaid federal taxes are not expressly included in the list of provable claims set out in § 63(a) of the Bankruptcy Act, 11 U.S.C. § 103. The provability of those that are due and owing at the time of bankruptcy has never been distinguished. See 3 Collier ¶ 57.30 (1964); 3A *id.* ¶ 63.26 (1961).

**3.** The bankruptcy court did hold the tax involved to be non-dischargeable. The Government had no quarrel with that conclusion, but nevertheless appealed to the district court questioning the jurisdiction of the bankruptcy court on the same grounds as urged in this appeal.

with the option to utilize the bankruptcy court forum in which the effect of the discharge of a federal tax indebtedness could be definitively determined and adjudicated in a uniform fashion and to grant the bankruptcy court jurisdiction for that purpose. To conclude that the above option in favor of the Bankrupt could be utilized only if the IRS had filed a claim for the unpaid tax would distort and render meaningless the clearly expressed congressional language. Memorandum of National Bankruptcy Conference, § 17(c), Bankruptcy Act, 1971 Collier Pamphlet Edition, pp. A–32.-10–A–32.13.

We hold that the Bankruptcy Court had jurisdiction under § 35(a) and (c) to adjudicate the Bankrupt's indebtedness for the federal income taxes due and owing by the Bankrupt, as determined under § 11(a)(2A), to be discharged in bankruptcy, notwithstanding the lack of a prior claim therefor or other proof thereof by IRS.

Accordingly the order of the District Court dated June 5, 1974 reversing the order of the Bankruptcy Judge dated January 25, 1974 and remanding the cause is reversed and the said order of the Bankruptcy Judge is reinstated and validated.

Reversed.