**Earl Wayne EBERLY, Appellant,**

v.

**UNITED STATES of America
INTERNAL REVENUE
SERVICE, Appellee.**

**No. 73–129–Orl–P.**

United States District Court,
M. D. Florida,
Orlando Division.

Jan. 20, 1976.

1362

Jack H. Zinkow of Friedman, Britton & Stettin, Orlando, Fla., for bankrupt.

Arthur R. Louv of Young, Turnbull & Linscott, P.A., Orlando, Fla., for trustee, Edward S. Avdoyan.

Marc Albert, General Litigation Section, U. S. Dept. of Justice, Washington, D. C., Kendall Wherry, Asst. U. S. Atty., Orlando, Fla., for appellee.

## MEMORANDUM OF DECISION

REED, District Judge.

Earl Wayne Eberly filed a voluntary petition in bankruptcy on 22 March 1973. Under Schedule A–1, he listed as a tax due the United States an item in the amount of $60,000.00. By 23 October 1973, the Internal Revenue Service had not filed a claim in the bankruptcy proceeding. On that date the bankrupt filed a claim on behalf of the government in which the tax debt was described as follows:

> "Bankrupt may be secondarily liable to the United States of America, Internal Revenue Service, as a result of possible secondary liability for withholding and social security taxes owed by Southeast Construction and Development Company, Inc. in the total amount of approximately $65,000."

Then on or about 18 November 1974, the bankrupt filed in the bankruptcy court a complaint to determine the dischargeability of the tax liability. The complaint alleged that during the years 1972 and 1973, Southeast Construction and Development Company, Inc. deducted and withheld from wages of its employees withholding and social security taxes which it did not pay over to the United States as required by law which resulted in a tax liability of approximately $60,-000.00. The complaint denied that the bankrupt, although President of Southeast during the years 1972 and 1973, was personally liable for such taxes and requested the bankruptcy judge to enter judgment under the authority of Section 17c of the Bankruptcy Act determining the dischargeability of the debt and, in the event the debt was determined not to be dischargeable, to enter a judgment for the amount of the liability and to provide for payment of same from the assets of the estate.

The bankruptcy judge, on motion by the government, dismissed the complaint. He reasoned that because the complaint alleged no facts which would support a genuine contention that the debt was dischargeable under Section 17a, the complaint represented simply an application for a declaratory judgment as to the existence and amount of a potential tax liability growing out of the bankrupt's relationship with Southeast Construction and Development Company. Such relief, the judge concluded, was unavailable under Section 17c.

The issue on the bankrupt's appeal to the District Court is whether or not the bankruptcy judge had jurisdiction under Section 17c to determine the existence of the potential tax liability and its "dischargeability," where no claim has been filed by Internal Revenue Service and no genuine contention has been presented by the complaint that the debt is in fact dischargeable under Section 17a of the Bankruptcy Act.

Section 2a(2A) of the Bankruptcy Act was enacted by Congress in 1966. With certain limitations not pertinent here, it empowers courts of bankruptcy to, "Hear and determine . . . any question arising as to the amount or legality of any unpaid tax . . ." This enactment was unaccompanied by supplemental provisions dealing with specific exercise of the power presumably conferred by Section 2a(2A). As a natural consequence, doubt has arisen as to the intent of the rather sweeping language of the section, and this court is not without hesitancy in disagreeing with the ruling of the able bankruptcy judge.

The provisions of Section 17c of the Bankruptcy Act enacted in 1970 provide a specific situation in which the power conferred on the court by Section 2a(2A) may be exercised; therefore, Section 17c should be viewed as supplemental to and in pari materia with Section 2a(2A). When read together, these two sections enable a bankruptcy court: (a) to determine the liability of the bankrupt for any tax—subject to the stated limits of Section 2a(2A); (b) to determine the amount of the debt, if one exists; (c) to determine whether or not the debt is dischargeable; and (d) if the debt is not dischargeable, to render a judgment thereon. These provisions are not limited by their terms to instances where Internal Revenue Service has filed a claim, and no sound reason has been advanced to support a conclusion that such a limitation is implicit in the language of the statutes. To impose such a limit by judicial construction would render Section 2a(2A) meaningless. See *In re Durensky*, D.C., N.D.Tex., 1974, 377 F.Supp. 798; *Gwilliam v. United States*, CA9, 1975, 519 F.2d 407; *Bostwick v. United States*, CA8, 1975, 521 F.2d 741; cf. *In re Dolard*, CA9, 1975, 519 F.2d 282.

The provisions of Section 17c(3) make it apparent that the power conferred on the bankruptcy court by Section 17c was not limited to adjudications with respect to dischargeable debts or to those as to which there exists a genuine issue as to their dischargeable nature. Thus the complaint was not subject to dismissal simply because it did not allege

facts showing a basis upon which to construct a genuine contention that the debt was dischargeable.

■ The government contends that sovereign immunity and the provisions of 28 U.S.C. § 2201 bar the bankruptcy court from granting the relief sought by the complaint. If this court is correct in its interpretation of the meaning of Sections 2a(2A) and 17c, the position taken by the government has simply been overridden by Congress. The government's other contention is that the United States of America Internal Revenue Service is not a suable entity. Although this may be true, the United States of America is obviously the intended party defendant. No issue with respect to the adequacy of the service of process has been raised. Therefore, assuming proper service, the "person" of the government was properly before the bankruptcy court.

This court has not overlooked the Fifth Circuit's opinion in *In re Statmaster Corporation*, CA5, 1972, 465 F.2d 978. That case is distinguishable in that it involved the power of the bankruptcy court to determine the tax liability of the trustee for taxes accruing after bankruptcy on interest received from the investment of estate funds. Consequently, the scope of jurisdiction conferred jointly by Sections 2a(2A) and 17c was not an issue before the Court of Appeals.

It is concluded that the bankruptcy court erred in dismissing the complaint.