In the Matter of Ralph W. Zook, Bankrupt.

Ralph W. ZOOK, Appellant,

v.

UNITED STATES of America, Appellee.

No. 74–1930.

United States Court of Appeals, Ninth Circuit.

Aug. 19, 1976.

Roger K. Patterson (argued), Whittier, Cal., for appellant.

Karl Schmeidler (argued), Tax Div., Dept. of Justice, Washington, D.C., for appellee.

## OPINION

Before DUNIWAY, CARTER and TRASK, Circuit Judges.

DUNIWAY, Circuit Judge:

Zook appeals from an order of the district court reversing an order of a bankruptcy judge which enjoined the Internal Revenue Service (IRS) from collecting taxes from Zook pending the bankruptcy court's determination of the dischargeability of, and Zook's liability for, those taxes. The government claims that because the IRS did not file a creditor's claim with the bankruptcy court, the doctrine of sovereign immunity deprives the bankruptcy court of jurisdiction over it. We reverse.

Zook was the treasurer and a member of the board of directors of Interstate Trophy & Photo. During late 1971 and early 1972, the corporation failed to pay to the IRS certain trust fund withholding taxes and Federal Insurance Contribution Act taxes in the amount of $7,415. On March 28, 1972, the company became an involuntary bankrupt. On July 28, 1972, the IRS notified Zook that it proposed to assess against him, as a responsible officer of the company, the amount of the foregoing taxes owed by the company.

On August 7, 1972, Zook filed a voluntary petition in bankruptcy and was adjudicated a bankrupt. An Order of Discharge was issued by the bankruptcy court on March 22, 1973. The IRS did not file a creditor's claim in the proceeding, and it admits that by failing to do so it has lost the chance to share in the bankruptcy estate. However, it asserts that it can satisfy the tax debt out of Zook's after-acquired property. To prevent this, on May 24, 1973, Zook filed an application in the bankruptcy court for an order enjoining the United States from assessing prior taxes and declaring that the taxes were discharged by the order of March 22.

On December 19, 1973, over the government's objection that the bankruptcy court had no jurisdiction over it because it had never invoked that court's jurisdiction, the court enjoined the IRS from assessing or

collecting the proposed taxes pending a determination of the dischargeability of, and possibly the liability for, the taxes. The government appealed to the district court which reversed the order and held that the bankruptcy court had no jurisdiction over the government because sovereign immunity had not been waived.

It is unquestioned that § 2a(2A) of the Bankruptcy Act, 11 U.S.C. § 11(a)(2A), gives the bankruptcy court jurisdiction to determine the legality and amount of a bankrupt's unadjudicated tax liability, and that § 17(c)(3), 11 U.S.C. § 35(c)(3), gives the bankruptcy court jurisdiction to determine the dischargeability of any debt once the bankrupt has filed for such a determination under § 17(c)(1), 11 U.S.C. § 35(c)(1). The government, however, argues that these sections merely define the subject matter jurisdiction of the bankruptcy court, and do not abrogate the rule that jurisdiction over the parties must also be obtained. Thus, the government says, when the IRS elects not to file a creditor's claim in the bankruptcy proceedings, and thus does not submit to the jurisdiction of the bankruptcy court, sovereign immunity prevents that court from obtaining jurisdiction over the government.

We have twice recently considered this question. *Gwilliam v. United States,* 9 Cir., 1975, 519 F.2d 407; *In re Dolard,* 9 Cir., 1975, 519 F.2d 282. In both cases, we rejected the argument now made by the government. Judges Carter and Trask are of the opinion that these cases were wrongly decided and asked that this court hear this case in banc for the purpose of overruling them. A majority of the active judges of the court voted not to hear the case in banc. Thus, *Gwilliam* and *Dolard, supra,* remain authoritative in this court. The bankruptcy court has jurisdiction. We express no opinion on the merits.

We reverse the order appealed from and remand the case for further proceedings.

JAMES M. CARTER and TRASK, Circuit Judges, concur only under the compulsion of the *Gwilliam* and *Dolard* decisions.