In the Matter of **SIMPLEX SALES CO., Inc., Bankrupt.**

No. 64–159–Bk.

United States District Court, S. D. Florida.

Jan. 5, 1972.

Robert W. Rust, U. S. Atty., Miami, Fla., for petitioner.

Joseph G. Weiss, Miami, Fla., for respondent.

ORDER

FULTON, Chief Judge.

This cause came before the Court upon a petition filed by the United States of America, Internal Revenue Service, for review of an order of the Referee in Bankruptcy dated May 28, 1971, wherein the Referee determined that the Bankruptcy Court had jurisdiction to require the United States of America to appear and show cause why the Referee should not enter an order relieving the successor-trustee in bankruptcy of Simplex Sales Co., Inc., from any tax liability and deciding on the merits that the successor-trustee was not subject to federal income tax on interest income earned upon estate monies.

The factual background of this case is not in dispute. On May 21, 1964, an in-

voluntary bankruptcy petition was filed against Simplex Sales Co., Inc. On June 5, 1964, Simplex Sales was adjudicated bankrupt. Some time thereafter, a successor-trustee was appointed to succeed the original trustee, and an audit of the bankrupt estate administered by the original trustee indicated a shortage in the accounts. During the pendency of litigation against the original trustee and his bondsman to recover the shortage, the successor-trustee recommended that the estate funds on hand be deposited in an interest-bearing account. The Referee granted the request, and the funds thus deposited earned interest in the amount of $679.55.

Upon the successful completion of the litigation against the original trustee, the successor-trustee withdrew the funds on deposit, engaged an accountant, and, with Court approval, prepared and submitted an income tax return to the Referee. At that time, upon the application of the successor-trustee, the Referee entered the order directed to the United States to show cause why, upon the filing of the income tax return attached to the successor-trustee's petition, the successor-trustee should not be relieved and discharged from any and all tax liability in connection with the administration of the estate. A hearing was held on December 2, 1970, and the order of May 28, 1971, on review herein, was the result of that hearing.

The United States of America urges four grounds for setting aside the Referee's order and remanding this cause. First, it is alleged that the application of the trustee for the order to show cause, entered by the referee, is a request for declaratory judgment as to taxes, which is prohibited by 28 U.S.C. § 2201. Second, it is urged that the United States has not waived its sovereign immunity to be sued. Third, the United States claims that the petition to determine the trustee's liability fails to state a claim upon which relief can be grant-

ed. And, fourth, it is argued that if the Bankruptcy Court has jurisdiction, the successor-trustee is nevertheless required to file a federal income tax return and pay any tax due.

█ The fourth ground is the easiest to dispose of. The successor-trustee did in fact file an income tax return and alleged no tax due. This filing meets the requirements of § 6012(b) (3), Internal Revenue Code.

█ As to the Government's first ground that relief sought by the successor-trustee amounts to an improper declaratory judgment entered contrary to 28 U.S.C. § 2201, the United States relies upon In re Wingreen Co., 412 F.2d 1048 (5th Cir. 1969). The *Wingreen* case, however, is not on point and is, thus, not controlling. *Wingreen* was a Chapter X case, not a straight bankruptcy, and, in *Wingreen*, the Internal Revenue Service was directed to audit the debtor's financial books and records to determine whether the debtor had a net operating loss carryover and, if so, the amount and period of time to which the loss could be carried over. The IRS was thus ordered to determine the tax consequences of a *proposed* plan of reorganization regarding the availability to a *hypothetical* continuing and reorganized corporation of a *possible* net operating loss carryover *in futuro*.

Nothing so speculative or hypothetical is sought in the present case; the successor-trustee does not seek relief as to any matter in the future. Rather, he seeks to learn whether the income tax return filed by him is correct so that he will be able to close the estate, distribute the monies on hand, and not later suffer an income tax penalty for his services. The successor-trustee now has a contingent liability, and he cannot safely distribute the estate monies until it has been resolved.

█ The United States claims that it has not waived its sovereign immunity

to suit. However, as pointed out by counsel for the successor-trustee, § 62a(1) of the Bankruptcy Act, 11 U.S.C. § 102(a) (1), charges the Bankruptcy Court with the duty of approving actual and necessary costs and expenses incurred by officers of the Court during the administration of the estate. The interest earned in this case was earned during estate administration. According to 3A Collier on Bankruptcy ¶62.14, at 1518, the determination of taxes due and payable during the administration of a bankrupt estate is subject to the exclusive jurisdiction of the Bankruptcy Court. See also, 3A Collier on Bankruptcy ¶64.106; Mertens, 9 Law of Federal Income Taxation ¶54.03, n. 10. It appears clear to the Court that § 2(a) of the Bankruptcy Act is sufficiently broad to permit the Bankruptcy Court to entertain and pass upon a tax question arising during the administration of the estate. Section 2(a) (15) of the Bankruptcy Act is further authority that the Bankruptcy Court has the power to determine the trustee's tax liability accruing during bankruptcy liquidation.

Although the Referee in Bankruptcy and the successor-trustee have sought an early audit of the tax return filed by the successor-trustee, the Internal Revenue Service has not yet done so, nor does it appear that the return will ever be audited. Counsel for the United States, Internal Revenue Service, has admitted that the costs of administration of this estate exceed the interest earned and that such expenses are deductible, however.

The United States has suggested that the successor-trustee await the expiration of the minimum limitations period, which counsel agree is three and one-half years in this instance, before closing the estate. This suggestion is patently contradictory to the principal aim of the Bankruptcy Act—the expeditious administration of estates and prompt payment of dividends to creditors.

The Court is persuaded by counsel for the successor-trustee's reductio ad infinitum argument, that while the trustee awaits the expiration of the limitations period, it would be sound business judgment and good administration to continue to maintain estate funds in interest-bearing accounts, and that each year the funds so maintained would earn additional interest income, another tax return would become due, and the trustee would be required to await the expiration of yet another limitations period. Each succeeding year of waiting would thus extend the period of limitations another year, creating an estate in perpetuity. The estate could never be safely closed, and the avowed purpose of the Bankruptcy Act would be defeated.

The contingent liability of the successor-trustee, thus, is certainly a controversy, brought about by the inaction or failure of the Internal Revenue Service to conduct an audit. This is a controversy the successor-trustee must resolve to close the estate.

In reaching this conclusion, the Court is not unmindful of the recent opposite ruling of another Judge of this Court in In the Matter of Statmaster Corporation, 332 F.Supp. 1248 (S.D.Fla.1971). It should be noted however, that in Statmaster the trustee did not file a tax return; whereas, in the case before this Court, the trustee did. Thereupon, for all of the aforesaid reasons, it is

Ordered and adjudged that the petition for review be and the same is hereby denied.