**In re ALAN WOOD STEEL COMPANY, Debtor.**

**Bankruptcy No. 77–930EG.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Dec. 15, 1980.

698

Nathan Lavine, Adelman & Lavine, Philadelphia, Pa., for Edward Dwyer, Disbursing Agent.

John S. Estey, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for debtor, Alan Wood Steel Company.

Fell, Spalding, Goff & Rubin, Philadelphia, Pa., Sklar, Pearl, Lichtenstein & Sklar, Philadelphia, Pa., for Creditors' Committee.

Griffin Bell, Atty. Gen., U. S. Dept. of Justice, Washington, D. C., Harvey Bartle III, Atty. Gen., Harrisburg, Pa., Peter F. Vaira, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Philadelphia, Pa., David T. Sykes, Philadelphia, Pa., for Central Penn, trustee.

Alan S. Fellheimer, I. Grant Irey, Jr., Philadelphia, Pa., co-counsel for Provident National Bank.

Stephen M. Heumann, Philadelphia, Pa., Chairman, for unsecured creditors' committee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The problem confronting us is whether a disbursing agent appointed by us in a Chapter XI case is required to file a tax return with or pay taxes to the state or federal taxing authorities on interest earned by estate funds kept in interest-bearing accounts during the tenure of that agent. We conclude that a disbursing agent is not required to do so.

The facts of the instant case are as follows:[1] On June 10, 1977, Alan Wood Steel Company ("the debtor") filed a petition for an arrangement under Chapter XI of the Bankruptcy Act ("the Act").[2] On that same day, Edward J. Dwyer ("Dwyer") was appointed one of the receivers of the debtor's estate and, on June 26, 1979, he was appointed trustee. On August 30, 1979, the debtor's modified plan was confirmed. In our order confirming the plan, we appointed Dwyer as one of the two disbursing agents for monies deposited pursuant to the terms of the plan, and we retained jurisdiction to ensure the performance of that plan. Since August 30, 1979, Dwyer has held all funds received by him as disbursing agent (totalling $10,385,317.00) in interest-bearing accounts and certificates of deposit. Under the terms of the plan, the funds were invested for the benefit of one class of creditors (the amounts of whose claims were in dispute). From August to December, 1979, the interest earned by those funds amounted to approximately $300,000. Dwyer has not filed any tax returns with respect to that interest and, on July 24, 1980, he filed the instant application seeking a determination of his obligation to file tax returns and pay taxes on that interest. On August 28, 1980, a hearing was held on this matter on notice to the appropriate state and federal taxing authorities. At that time Dwyer appeared and submitted a memorandum of law on this issue. No representative of the taxing authorities appeared at that hearing or submitted a brief or other response in opposition to Dwyer's application.

Accordingly, guided only by the memorandum of law submitted by Dwyer and by our own examination of the relevant law, we conclude that Dwyer is not required, as disbursing agent, to file any tax returns or to pay any taxes on the interest which accrued during his tenure as disbursing agent.

A. *Jurisdiction to Determine the Tax Obligations of the Disbursing Agent.*

Section 2(a)(2A) of the Act provides in pertinent part:

a. The courts of the United States hereinbefore defined as courts of bankruptcy are hereby—invested ... with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this Act ... to

(2A) Hear and determine, or cause to be heard and determined, any question arising as to the amount of legality of any unpaid tax, whether or not previously assessed, which has not prior to bankruptcy been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.[3]

Since we have original jurisdiction in the continuing arrangement proceedings of the debtor herein and since the questions presented by the instant application have not previously been contested and adjudicated by a judicial or administrative tribunal of competent jurisdiction, we conclude that we have jurisdiction under section 2(a)(2A) to hear and determine the issue before us.

The United States Court of Appeals for the Third Circuit has held that section 2(a)(2A) grants jurisdiction to the bankruptcy court to determine tax questions. *In re Century Vault Company*, 416 F.2d 1035, 1041 (3d Cir. 1969). *See, also, McKenzie v. United States*, 536 F.2d 726 (7th Cir. 1976); *Bostwick v. United States*, 521 F.2d 741 (8th Cir. 1975); *Gwilliam v. United States*, 519 F.2d 407 (9th Cir. 1975); *In re Dolard*, 519 F.2d 282 (9th Cir. 1975); *In re Epstein*, 416 F.Supp. 947 (E.D.N.Y.1976); *In re Durensky*, 377 F.Supp. 798 (N.D.Tex.1974). *See generally*, 3A Collier on Bankruptcy ¶ 64,-407[3] at 2234 (14th ed. 1972).

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

**2.** While the Bankruptcy Act has been superseded by the Bankruptcy Code as of October 1, 1979, the provisions of the Act still govern petitions filed before that date. The Bankrupt-

cy Reform Act of 1978, Pub.L.No.95–598, § 403, 92 Stat. 2683 (1978).

**3.** 11 U.S.C. § 11(a)(2A) (1976). That section is made applicable to Chapter XI by sections 302 and 312 of the Act. 11 U.S.C. §§ 702 and 712 (1976).

The only court to hold otherwise is the United States Court of Appeals for the Fifth Circuit in *In re Statmaster Corporation*, 465 F.2d 978 (5th Cir. 1972), *aff'g.* 332 F.Supp. 1248 (S.D.Fla.1971). In *Statmaster*, the Fifth Circuit held that the jurisdictional grant contained in section 2(a)(2A) did not supersede the general prohibition against declaratory judgments on tax matters found in section 2201 of the Declaratory Judgment Act.[4] That conclusion was considered and rejected, however, by the other circuit courts in the cases cited above. Since we are not bound by the decision of the Fifth Circuit in *Statmaster*, but are bound by the decision of the Third Circuit in *Century Vault*, we conclude that we have jurisdiction to decide the instant tax question.

Further, we agree with Dwyer that our refusal to exercise that jurisdiction would result in undue delay and expense in the administration of this case. If we were to decline to decide the instant issue, the disbursing agent would be compelled to present the issue of his obligations under the state and federal tax laws in other forums. In the interim, distribution of funds under the plan would be delayed. Moreover, because of the length of time that is often necessary to distribute funds under a plan, the tax liability of the disbursing agent would continue to accrue, thereby requiring recalculations of the amounts to be distributed to the various creditors. This would be "contradictory to the principal aim of the Bankruptcy Act— the expeditious administration of estates and the prompt payment of dividends to creditors." *In re Simplex Sales Company*, 336 F.Supp. 672, 674 (S.D.Fla.1972).

B. *The Disbursing Agent's Obligation to File Returns for or to Pay Federal Income Taxes for the Debtor Corporation.*

■ There are no provisions of the Act or the Rules of Bankruptcy Procedure which require a disbursing agent to file a federal income tax return or to pay federal income taxes on interest earned by the investment of funds to be distributed under the plan. Furthermore, after checking the relevant sections of the Internal Revenue Code, we conclude that there is nothing contained therein which requires a disbursing agent to file a return or to pay taxes on such interest.

The only section of the Internal Revenue Code that deals with persons required to file tax returns in the bankruptcy context is section 6012(b) which states in pertinent part:

(3) *Receivers, trustees and assignees for corporations.*—In a case where a receiver, trustee in bankruptcy, or assignee, by order of a court of competent jurisdiction, by operation of law or otherwise, *has possession of or holds title to all or substantially all the property or business of a corporation*, whether or not such property or business is being operated, *such receiver, trustee or assignee shall make the return of income for such corporation* in the same manner and form as corporations are required to make such returns.

26 U.S.C. § 6012(b) (emphasis added). Hence, we conclude that that section does not apply to a disbursing agent for several reasons. Firstly, a disbursing agent is not a receiver, trustee or assignee of the debtor corporation. Trustees in bankruptcy are appointed under section 44(a) of the Act and receivers are appointed under section 332, while disbursing agents are appointed under section 337(1) of the Act. 11 U.S.C. §§ 72(a), 732 and 737(1) (1976). What is more, a disbursing agent is not an assignee of the corporation since there is no assignment to him of the property of the debtor corporation. *See* Black's Law Dictionary 109 (5th ed. 1979).

---

**4.** That section provides:

In a case of actual controversy within its jurisdiction *except with respect to Federal taxes*, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

Secondly, a disbursing agent does not have possession of or hold title to all or substantially all the business or property of the debtor corporation. While a trustee in bankruptcy holds title to the debtor's property under section 70(a) of the Act and a trustee and receiver have the power to operate the debtor's business under section 343, a disbursing agent has only the power "to distribute, subject to the control of the court, the consideration, if any, to be deposited by the debtor." 11 U.S.C. §§ 110, 743 and 737 (1976).

Thirdly, the interest earned by the investment of the funds deposited under the plan is not income of the debtor corporation as described in section 6012(b)(3) of the Internal Revenue Code. The debtor has no claim or interest in the funds deposited under the plan and held by the disbursing agent and, therefore, the debtor has no claim to the interest earned by those funds during the term of the disbursing agent. Section 367 of the Act states that "Upon confirmation of an arrangement— ... (3) the consideration deposited, if any, shall be distributed and the rights provided by the arrangement shall inure to the creditors affected by the arrangement." 11 U.S.C. § 767 (1976). Since the plan in the case *sub judice* provided that the funds held by the disbursing agent were to be distributed to certain creditors and, in the interim, to be invested for the benefit of one class of creditors, payment of whose claims was deferred, (see Article III, Clause A of debtor's modified plan), it is clear that, on confirmation of that plan, all interest to the funds inured to creditors and all right to the interest earned by those funds inured to that class of creditors. Thus, the interest earned was income of those creditors, not income of the debtor.

Fourthly, if Congress had intended to require a disbursing agent to file a tax return or to pay taxes, it would have explicitly provided so in section 6012(b)(3) or elsewhere in the Internal Revenue Code. The concept of a disbursing agent was recognized in the Bankruptcy Act of 1938, prior to the passage of the Internal Revenue Code of 1939 and prior to the enactment of section 6012(b)(3) in the Internal Revenue

Code of 1954—yet Congress failed to list the disbursing agent along with the receiver and the trustee in that section. We hold that, by that omission, Congress intended that that section should not apply to a disbursing agent.

For all of the above reasons, we determine that the disbursing agent in the case at bench is not required to file a federal income tax return under section 6012(b)(3) of the Internal Revenue Code.

The only other section of the Internal Revenue Code that might be applicable in this instance is section 641. That section provides that the taxable income of an estate or trust includes income which is currently distributed by the fiduciary to the beneficiaries. 26 U.S.C. § 641(a)(2). We conclude, however, that the disbursing agent is not a fiduciary within the meaning of that section because he does not have the powers or duties of a fiduciary. This deduction is supported by Revenue Ruling 70–567 in which the Internal Revenue Service concluded that a bank which held funds in escrow by court order pending a determination by that court of the proper distribution of those funds was not a fiduciary within the meaning of section 641 of the Internal Revenue Code. Rev.Rul. 70–567, 1970–2 C.B. 133. The Service so found because the bank as escrowee "had none of the ordinary duties of a trustee or fiduciary to administer the funds and could not disburse the funds without a further court order." *Id.* Since the disbursing agent in the instant case has duties similar to the bank's in the above Revenue Ruling, we rule that he, like the bank, is not required to file a fiduciary income tax return pursuant to section 641 of the Internal Revenue Code.

C. *The Disbursing Agent's Obligation to File an Information Return under Section 6049 of the Internal Revenue Code.*

■ Section 6049(a)(1)(B) of the Internal Revenue Code provides:

(a) *Requirement of reporting.—*

　(1) In general.—Every person—

(B) who receives payments of interest as a nominee and who makes payments aggregating $10 or more during any calendar year to any other person with respect to the interest so received,

. . . . .

shall make a return according to the forms or regulations prescribed by the Secretary, setting forth the aggregate amount of such payments and such aggregate amount includible in the gross income of any holder and the name and address of the person to whom paid or such holder. 26 U.S.C. § 6049(a)(1)(B). Treasury Regulation § 1.6049–1(a)(2)(i) provides, however, that the word "person" as used in section 6049 above does not include the United States and, therefore, interest paid by or to the United States need not be reported in such information returns. Pursuant to that regulation, the Internal Revenue Service issued Revenue Ruling 76–50 in which it stated that the United States District Courts were not required to file information returns for interest earned on registry funds deposited by those courts pending the outcome of litigation. Rev.Rul. 76–50, 1976–1 C.B. 378. Therefore, since a disbursing agent is only an agent of an acting at the sole direction of the United States Bankruptcy Court, we conclude that he is not required to file an information return under section 6049(a)(1)(B) of the Internal Revenue Code.

Furthermore, although Revenue Ruling 76–50 states that banks in which court funds are deposited are required to file information returns under section 6049(a)(1)(A) of the Internal Revenue Code *when* the District Court notifies it of who is entitled to those funds, that ruling does not state that the District Court is required to provide the banks with that information. Therefore, we conclude that it is discretionary with the court whether it must provide the bank with that information. In the case before us it would be a tremendous burden on the disbursing agent and on this court to provide the four banks in which the disbursing agent has deposited the estate's funds with information as to what amount of interest is due to each of the 600 payees under the plan. Accordingly, we will, in our discretion, hold that the disbursing agent is not required to give the banks that information.

D. *The Disbursing Agent's Obligation to Pay Personal Federal Income Taxes on the Interest Earned by the Investment of Funds under the Plan.*

■ We further conclude that the disbursing agent is not required to pay individual federal income taxes on the interest earned by the funds invested under the debtor's plan. The disbursing agent has no individual interest in that money and, therefore, is not required to include it in his gross income under section 61 of the Internal Revenue Code. 26 U.S.C. § 61.

E. *The Disbursing Agent's Obligation to File Returns for or to Pay State Personal Income Taxes on the Interest Earned By the Funds Deposited under the Plan.*

■ The Pennsylvania Personal Income Tax Statute provides that "individuals, estates or trusts" are required to file tax returns and to pay an annual tax of 2.2% of their taxable incomes. Pa.Stat.Ann. tit. 72, §§ 7302(a), 7330 and 7301(w) (Purdon 1978 —79 Cum.Supp.) Under that statute, an "individual" is a natural person; an "estate" is the estate of a decedent; and a "trust" is a trust created by the will of a decedent or a trust created by, or consisting in whole or in part of property transferred to a trust by a "person". *Id.* at § 7301(*1*), (r), and (s).

Under those definitions, the disbursing agent, although an individual, need not include the interest earned by the funds deposited under the plan as part of his individual taxable income because that interest was not received by him in an individual capacity. The disbursing agent also need not file a return as an estate since the definition of that term includes only decedents' estates which is clearly not the case

here. Moreover, the funds in question are not held by the disbursing agent in a trust within the meaning of that term because those funds are in fact held by this court rather than by the disbursing agent. The disbursing agent does not control those funds as a trustee normally does but rather, is subject to the control and direction of the court with respect to those funds. Furthermore, those funds were not transferred to the disbursing agent by a person with the intent to create a trust. The funds in the instant case were never transferred to the disbursing agent; they always remained under the control of the court. Consequently, we conclude that the disbursing agent is not required to file an income tax return for or to pay income taxes to the Commonwealth under Pennsylvania law on the interest earned by the funds deposited under the debtor's plan.